**HEALD, Plaintiff-Appellant, v. GOEBEL et,
Defendants-Appellees and YOUGHIOGHENY & OHIO COAL
CO., Garnishee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21998. Decided August 16, 1950.

Bulkley, Butler & Pillen, Cleveland, for plaintiff-appellant.
Squire, Sanders & Dempsey, Cleveland, for defendants-appellees.

(PHILLIPS, J, of the Seventh District sitting by designation in place of SKEEL, PJ.)

## OPINION

By HURD, J.

This is an appeal on questions of law from an order of Common Pleas Court of Cuyahoga County wherein the trial court granted separate motions to discharge attachments and overruled separate motions for new trials. The plaintiff and the two individual defendants are nonresidents of the state of Ohio, all being residents of Ligonier, Pa.

The record shows that on May 9, 1950, the plaintiff filed suit in Cuyahoga County alleging that the defendants were indebted to him in the sum of $10,291.40 asserting among other things that said individual defendants were "associated together and doing business as coal producers and brokers, sometimes trading under the name and style of Green Valley Coal Company, Ligonier, Pennsylvania." Plaintiff further alleged that the third party defendant, the garnishee herein, was an Ohio corporation with its principal office in the city of Cleveland.

Contemporaneously with the filing of its petition, plaintiff filed an affidavit in attachment on the ground of non-residence alleging that the corporate defendant "is indebted to one or both defendants" and that said indebtedness of defendant, Youghiogheny & Ohio Coal Company to defendants is an asset of defendants in Ohio. Plaintiff further alleged that the affidavit of attachment was made in conformity with §11820 GC for the purpose of procuring an attachment against defendants in the State of Ohio at the commencement of the action. At the same time, an affidavit for service by publication was filed.

In pursuance of plaintiff's affidavit, the Clerk of Common Pleas Court issued an order of attachment without bond against the defendant garnishee, Y & O Coal Company, in accordance with the order of attachment, the garnishee advised the clerk of court by letter that it was indebted to the defendant, Bernard J. Goebel, in the total net amount of $10,853.16 and that it was indebted to Green Valley Coal Company in the amount of $26.00 and that it had no indebtedness to defendant, John M. Lee, and that the said sums would be held pending further order of the Court.

Thereafter, the individual defendants appeared specially and solely for the purpose of the motions and without submitting themselves to the jurisdiction of the Court filed separate motions to discharge the attachment as to each of them.

Upon due notice a hearing was held July 14th, on the motions to discharge the attachment. Upon said hearing, counter affidavits of the defendants were filed and introduced in evidence and considered by the trial court. The counter affidavit of the defendant, Goebel, denied the allegations of the plaintiff as contained in the petition and traversed directly the statements set forth in the affidavit of attachment. He set forth in substance that he did not then have and never had any dealings with the plaintiff; that he had never been associated with the defendant, John M. Lee, in the business of Coal broker or producer and that he had never traded under the name of Green Valley Coal Company and had no interest or connection whatsoever with said company and that he was not indebted to the plaintiff in any sum whatsoever. Likewise, the defendant, Lee, filed a counter affidavit in which he deposed and said in substance that he was an individual doing business under the name of Green Valley Coal Company, that the trade name had been duly registered in the state of Pennsylvania, that the defendant, Goebel, had no interest or connection whatsoever with the business conducted by said affiant, under the trade name of Green Valley Coal

Company and that the defendant, Goebel, was not connected with said affiant in any of the transactions between the plaintiff and the affiant or between Heald Coal Company and Green Valley Coal Company. In short, his statement corroborated completely the allegations of fact contained in Goebel's affidavit. However, the affiant, Lee, stated that he himself had done business with Heald Coal Company, the trade name of the plaintiff, which to the best of his knowledge had not been registered in the state of Pennsylvania and then alleged that there was not due or owing to the plaintiff herein any sum whatsoever from the affiant or from Green Valley Coal Company, and that the plaintiff had failed to set forth as credits on account "at least three payments to Heald Coal Company from Green Valley Coal Company in the total amount of $16,081.44.

Supporting said affidavits there was filed and introduced in evidence the certificate of the Secretary of the Commonwealth of Pennsylvania, certifying that defendant, John M. Lee, carried on a business under the name and style of Green Valley Coal Company at Ligonier, Pa. and that he was engaged in the business of operating coal and coal lands, buying and selling coal, inspecting coal for shipment and the certificate of the Prothonotary of Westmoreland County, Pa., certifying that there had been filed in his office the certificate provided for in the act of the general assembly above described.

The bill of exceptions sets forth the fact that the plaintiff was present in the court room at the time of the hearing on the motion to discharge the attachment, but did not take the witness stand to offer testimony contradicting the allegaions contained in the counter affidavits of the defendants.

By Journal Entry dated July 24, 1950, trial court granted the motion of the defendant, Goebel, to discharge the attachment and ordered the garnishee to release all·of the attached funds of defendant, Goebel, to the said defendant and allowed the plaintiff to July 28, 1950, to file his appeal to this court provided that with such appeal the plaintiff give bond to the defendants with surety to be approved by the Clerk of the Court of Appeals in double the amount of the appraised value of the property which had been attached, conditioned to pay said defendant in the manner provided by law.

A motion for new trial having been filed, the same was overruled July 27th, at which time the trial court by journal entry again ordered the garnishee to release all of the attached funds of Bernard J. Goebel, as well as the attached funds of Green Valley Coal Company to each of them respectively and then extended the time for appeal to August

4, 1950 under the same conditions set forth in the previous order above-described. The plaintiff appellant then appealed to this court, but has not up to this date posted bond as ordered by the trial court conditioned upon the appeal to this court.

The case here was advanced for hearing on application of plaintiff appellant at which time the defendant appellees again entered their appearance specially and solely for the purpose of the motions without submitting themselves to the jurisdiction of this court and each filed separate motions to dismiss; the first motion on the ground that this court is without jurisdiction to hear this appeal and the second for failure of plaintiff appellant to comply with the journal entry appealed from by filing bond in accordance with the order of the trial court. The case is now before us on said motion of defendant appellees to dismiss and upon the appeal of the plaintiff appellant.

The assignments of error are as follows:

"1. The trial court erred in granting the separate motions of defendants to discharge attachment.

"2. The trial court erred in entering its order having the effect of terminating the jurisdiction of the court over the defendants when the plaintiff had not had his day in court, and defendants, electing to enter only a special appearance, waived their right to deny plaintiff's allegations, or to demur.

"3. The trial court erred in its order requiring the plaintiff to file an appeal bond in a sum double the amount of the appraised value of the property attached.

"4. Other errors manifest on the face of the record."

It should be observed at the outset, that whatever jurisdiction is had either by the trial court is solely **in rem**. The defendants being non-residents, the only way in which the trial court acquires jurisdiction over the defendants is by the seizure of property lying within the territorial jurisdiction of the court under the order of attachment. Thus, there can be no judgment in personam but **in rem** only and any judgment rendered could have no effect beyond the appropriation of the attached property to the satisfaction of the debt and costs. See **District Co. v. Galsworthy, Inc., 148 Oh St 567.**

It has been the contention of the plaintiff appellant in substance both in oral argument and by way of brief that on the motion to discharge attachment the trial court should have considered only the proposition of non-residence of the

defendants and that being admitted, the motion to discharge the attachment should have been overruled.

The attachment at the commencement of the action was secured through the Clerk of Court without the intervention of a judge or an order of the court under favor of §11820 GC, which provides in substance that an order attachment shall be made by the Clerk of Court in which the action is brought in any case mentioned in §11819 GC, when there is filed in the office of the clerk an affidavit of the plaintiff, his agent, or attorney, showing the nature of the plaintiff's claim, that it is just, the amount which the affiant believes the plaintiff ought to recover and the existence of any one of the grounds or attachment enumerated in said §11819 GC.

Sec. 11819 GC provides that in a civil action for the recovery of money, at or after its commencement the plaintiff may have an attachment against the property of the defendant upon any of the grounds therein mentioned and ground two is that the defendant "is not a resident of this state." The last paragraph of §11819 GC specifically provides that an attachment shall not be granted on the ground that the defendant is a non-resident of the state for any claim other than a debt or demand arising upon contract, judgment or decree or for causing damage to property or death or personal injury by negligent or wrongful act. In this case, as indicated, the plaintiff predicates its right of attachment on the ground that defendants are non-residents and that the debt or demand is one arising upon contract. It follows therefore that unless the plaintiff shows by the requisite degrée of proof that his debt arises upon contract, his right of attachment must fail. To hold otherwise would be in direct contravention of the express terms of the statute which gives rise to the right of attachment. Non-residence alone is not sufficient. There must perforce co-exist as a right of attachment one of the conditions set forth in the last paragraph of §11819 GC. Therefore, where the plaintiff relies upon non-residence as a ground for attachment in respect of a claim arising on contract, the latter is a condition precedent which must be sustained by the plaintiff on a hearing to discharge the attachment secured in the first instance on these grounds. The claim that the court may not inquire into this condition precedent upon the assertion that the court will be going into the merits of the original case to which the defendant has not pleaded over is therefore untenable.

As noted in 40 O. Jur. Sec. 209 commencing at page 273 under heading of "Attachment"—

"It would seem obvious, however, that an attachment would

be discharged on the ground that the action was not one of the class of actions in which an order of attachment may be obtained. Thus, it might be alleged that the action was not upon a claim arising upon a contract, judgment, or decree although the attachment was obtained upon the ground of non-residence."

The majority of this court therefore holds that nonresidence alone is not sufficient to sustain an order of attachment at the commencement of the action but that the provisions of §11819 GC require the existence of one or more of the conditions enumerated therein as a condition precedent before an attachment can be sustained where the same is challenged upon hearing of a motion to discharge.

. We come next to a question more or less procedural in character which relates to the burden of proof upon such a hearing. From the earliest days the rule in Ohio has been that the burden of proof is upon the plaintiff seeking the attachment at the commencement of an action. See **Coston v. Paige, 9 Oh St 397,** the second paragraph of the syllabus of which is as follows:

"The charge thus made, if denied by the defendant, must be sustained by the plaintiff to the satisfaction of the court; upon the plaintiff, by the denial, is thrown the burden of proof."

This proposition was concurred in by a unanimous court although Peck, J. dissented as to the first paragraph of the syllabus, the import of which is not in issue here. At page 398 of the opinion, we find the following cogent language by Gholson, J.:

"We have examined the affidavits as to the truth of the facts charged in the affidavit, in assigning the reasons for his decision, upon that part of the motion, the judge of the court of common pleas appears to have supposed that, the charge being made, it must be disproved by a clear preponderance of evidence, thus assuming that the burden of proof in such a case was thrown on the defendant. To this reasoning we can not assent. If the charge be made by the plaintiff and denied, and nothing appears to authorize greater credit to be given to the statements of the plaintiff than to those of the defendant, the attachment ought to be discharged. When the charge is made and denied, the burden of proof is, we think, thrown on the plaintiff, and he ought to satisfy the court that the charge he has made is well founded."

We are unable to find any disapproval of this case by later Supreme Court decision. On the contrary the doctrine has been supported in cases dealing with the subject. See 4 O. Jur. on "Attachment," p. 280, Section 216 and numerous cases thereunder cited including Coston v. Paige, supra, and **Seville v. Wagner, 46 Oh St 52,** the second paragraph of the syllabus of which is as follows:

"Where the weight of the evidence is the only question presented by such bill of exceptions, this court will not enter upon its review, or disturb the judgment of the court below thereon; but when the party against whom an order of attachment is obtained, in support of his motion to discharge the same, by his affidavit denies the ground of the attachment stated in the affidavit therefor, it devolves upon the party procuring the attachment, to establish such ground by proper evidence; and whether there is any evidence tending to sustain it, is a question of law, which the parties may have determined by this court."

To the same effect are the Court of Appeals cases of **Morelli v. Thombs, 35 Oh Ap 233** and **McCray Refrigerator Sales Corp. v. Logan, 36 Oh Ap 201.** The latter case was decided by this Court May 5, 1930. The second paragraph of the syllabus thereof is as follows:

"On motion to dissolve attachment, where defendant introduced counter testimony, and plaintiff relies solely on affidavit, attachment must fail."

At pages 203-4 of the same case, Sullivan, J. speaking for a unanimous court said:

"It is a well-settled proposition of law that, where there is counter testimony in a motion to dissolve an attachment, in the absence of further testimony on the part of the party attaching, the claim for attachment must fail. The reason for this is that the assertion of fact in the affidavit is mainly for the purpose of securing the attachment and not for the purpose of creating testimony as to any issue of fact that may arise thereon, unless additional testimony is offered."

The same rule applies in many other jurisdictions where there are comparable statutes, but we believe that it is sufficient for the purpose of this opinion to confine our consideration to the law of Ohio.

The only case cited contra by plaintiff appellant is As-

cherenka v. Lonsdale Manufacturing Co., 20 Oh Ap 123. An examination of this case discloses that it is not at point in respect to this proceeding. The question there raised applied directly to the merits of the original case as indicated by the opinion of Buchwalter, J. and as appears by the second syllabus:

"The grounds stated in a motion to discharge an attachment, that plaintiff had entered his appearance and elected to pursue his remedy in a chancery court of another jurisdiction and was enjoined by said chancery proceeding from prosecuting his claim against defendant in any other cause are matters of defense and cannot be presented on a hearing on such motion to discharge."

Coming now to apply the law to the evidence as set forth in the record herein we find that the affidavit of the plaintiff to secure the attachment was more than counterbalanced by the affidavits and supporting certificates filed on behalf of the defendant, Goebel, to the effect that the claim of the plaintiff did not arise and could not have arisen upon contract, either express or implied so far as the claim of plaintiff against defendant, Goebel, is concerned.

As previously indicated, the affidavit of the defendant, Goebel, is supported not only by the affidavit of the defendant, Lee, but is further supported by the certificate of the Secretary of Commonwealth of Pennsylvania certifying to the use of the fictitious name of Green Valley Coal Company by John M. Lee alone showing no relation of the defendant, Goebel, with said enterprise carried on under said fictitious name.

In this state of the record, "the burden of proof was thrown" upon plaintiff to sustain his claim for attachment against the defendant, Goebel, by producing further evidence. This, the plaintiff failed to do although present in the court room at the time of the hearing.

Therefore, we conclude that the order of the trial court granting the motion to dissolve the attachment as to the defendant, Goebel, must be affirmed and the attachment as to him discharged.

In relation to the defendant, Lee, it will be noted that the garnishee answers that it has no indebtedness to him, but that there is a credit in favor of the Green Valley Coal Company, a fictitious trade name of defendant, Lee, in the amount of only $26.00, a sum obviously not within the jurisdiction of Common Pleas Court which in civil actions has original jurisdiction where the sum exceeds the exclusive

jurisdiction of Justices of Peace, which is limited in amount to $100.00. This action being in rem only, no jurisdiction is acquired over the defendant, Lee.

Before concluding, we wish to make reference to the four separate motions of defendant appellees to dismiss this appeal.

The contention is made by defendant appellees, that no bond having been filed by plaintiff either in compliance, with the journal entry of the court of common pleas or at any other time, this court has no jurisdiction to hear this appeal from the motion dissolving an attachment on the ground that the statutes granting the right to an order of attachment require a bond to be filed by the person seeking the attachment at any time, the trial court may order it as a prerequisite to further prosecution of the attachment.

The further claim is made that the provisions of §11866 GC, which in positive language states that "the party who appeals must give a bond to the adverse party with surety to be approved by the Clerk of the Court of Appeals in double the amount of the appraised value of the property attached" are mandatory and the plaintiff having failed to comply with the order of the Court specifically made as a condition of the appeal, the same should be dismissed. In view, however, of our decision of this case on the merits of this appeal, we deem it unnecessary to pass upon the motions to dismiss.

The judgment of Common Pleas Court granting motions of the defendants to discharge the orders of attachment is affirmed and attachments discharged.

Exceptions allowed to all proper parties. A journal entry may be drawn in conformity herewith.

PHILLIPS, J, concurs; McNAMEE, J, dissents.
See Dissenting Opinion.

McNAMEE, J.: (Dissenting)
The record discloses that defendants in their affidavits admitted they were non-residents of the State. The other averments in their affidavits traversed the allegations of plaintiff's petition and included a denial that defendants were associated together in relation to the transactions referred to in plaintiff's petition and further denials by both defendants, that defendant Goebel, either individually, or as an associate of defendant, Lee, had ever done business with or promised to pay plaintiff for shipments of coal.

Plaintiff took the position that these averments in defend-

ants' affidavits related to the merits of the principal action and ought not to be considered in a hearing of a motion to discharge the attachment where defendants appeared specially and solely for the purposes of the motion. There is abundant authority to support this position. 4 Am. Jur. 934, Sec. 635; 7 C. J. S. 606, Sec. 416; Asamen v. Thompson, 131 P. second 2 D 839; 55 Cal. App. second 657; Singer v. Schapiro, 43 Atl. second 12; 133 N. J. L. 133; Aurbach v. Grand National Pictures, 29 N. Y. S. second 747; affirmed 31 N. Y. S. second 670; 263 App. Div. 712; Republic Truck Sales Corp. v. Peak, 194 Cal. 492.

There was no indication by the trial court that its consideration of the affidavits of defendants was limited to a determination whether plaintiff could sustain his claim of contractual relations with both defendants as joint obligors. Plaintiff did not testify in support of the allegations of his petition and affidavit in attachment that there traversed by the affidavits of defendants. However, plaintiff did offer to submit to interrogation by the trial court. The court declined to examine him. In view of these circumstances, the application here of the rule laid down in **Coston v. Paige, 9 Oh St 397; Seville v. Wagner, 46 Oh St 52;** and **Morelli v. Thombs, 35 Oh Ap 233** is unwarranted.

It is settled law that the attachment statutes of Ohio and procedure incident thereto are of a remedial nature and must be construed liberally for the benefit of the attaching party. Northwestern Yeast Co. v. Broutin, 133 F. second 628; **Weirick v. Mansfield Lumber Co., 96 Oh St 386; Hart v. Andrews, 103 Oh St 218; Buck v. Smith, 119 Oh St 101.**

Assuming this court has jurisdiction on appeal, the attachment ought to be sustained and the cause remanded to the Common Pleas Court for further proceedings on the motion to discharge the attachment to enable the trial court to inquire and the plaintiff to testify in respect of his alleged contractual relations with both defendants jointly.

I am of the opinion also, that upon a hearing of a motion to discharge the attachment under the circumstances disclosed by the record in this case, the plaintiff is not required to sustain the burden of proof on the issue of the alleged contract with both defendants. If, upon a hearing of the motion, the court is satisfied that plaintiff's claim is fictitious or not supported by credible evidence, the attachment ought to be discharged. However, if plaintiff offers evidence that establishes a prima facie case and a bona-fide dispute between the parties on such issue, the attachment ought to be sustained. Granting that a joint contract is a condition qualifying plaintiff's right to an attachment against the property

of both defendants as non-residents of the State, it is also a matter that relates directly to the merits of the main action and plaintiff is entitled to a determination thereof, upon the weight of the evidence, in a trial by a jury.